**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLINTON HAYDEN,** | : | |
| **Petitioner** | : | **CASE NO. 3:15-CR-294** |
| **v.** | : | **(JUDGE MANNION)** |
| **UNITED STATES OF AMERICA** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Pending before the court is petitioner Clinton Hayden's counseled Motion to Vacate, Set Aside or Correct, his 135-month sentence to imprisonment imposed on August 31, 2016. (Doc. 49). Hayden pleaded guilty to sex trafficking of a minor and attempted sex trafficking of a minor in violation of 18 U.S.C. §§1591(a) and (b)(2). At his guilty plea hearing, Hayden was represented by Evan Hughes, Esq., trial counsel. Hayden is currently serving his prison sentence at FCI-Fort Dix in New Jersey. Hayden's motion is filed pursuant to 28 U.S.C. §2255 and is based upon ineffective assistance of counsel claims against his trial counsel. Hayden claims that his counsel advised him that a guilty plea would likely result in him receiving a 60-month sentence. He also claims that his counsel was ineffective by advising him to plead guilty to the sex trafficking charges despite the fact that he had two viable defenses to the charges, namely, an entrapment defense and a defense of lack of knowledge and intent since he alleges that he did not know

1

the true ages of the minor victims. Hayden thus contends that the government could not prove the "knowing" element of the sex trafficking charge under 18 U.S.C. §1591.

As relief, Hayden requests the court to vacate his sentence and allow him to withdraw his guilty plea. He also requests an evidentiary hearing.

Also pending is Hayden's motion to stay this case until he receives discovery from the government as well as his subpoena to the government to produce documents that support or rebut the factual averments in the government's response to his §2255 motion. (Doc. 57 & Ex. B). In response, the government filed a motion to quash Hayden's subpoena. (Doc. 58).

Finally, Hayden filed a *pro se* motion seeking to remove his present counsel, Todd Mosser, Esq., who is representing him with respect to his §2255 motion. (Doc. 62). Hayden also requests the court to give him a 60-day extension of time to file a supplemental addendum to his §2255 motion and to file another reply brief to the government's response to his §2255 motion.

All of the motions, except for Hayden's motion to remove his counsel, have been briefed.

Upon the court's review of the record in this case, the motions, as well as the briefs, Hayden's §2255 motion will be **DENIED** without the need for an evidentiary hearing. Hayden's motion to stay this case will be **DENIED**, and the government's motion to quash Hayden's subpoena will be **GRANTED**. Hayden's subpoena, construed as a motion for discovery under Rule 6(a), will be **DENIED**. Hayden's motion to remove attorney Mosser and to give him

an extension of time will also be will be **DENIED**.

## I.   BACKGROUND[1]

On March 25, 2016, Hayden, pursuant to a written plea agreement, pled guilty to the one offense contained in a Criminal complaint, namely, sex trafficking of a minor and attempted sex trafficking of a minor, in violation of 18 U.S.C. §§1591(a) and (b)(2). (Doc. 1). In his signed plea agreement and statement of defendant regarding his guilty plea, Hayden acknowledged that the maximum sentence he faced was life imprisonment and that the charge to which he was pleading guilty carried a mandatory minimum sentence of 10 years in prison. Hayden was also advised that the court was not a party to the plea agreement and was not bound by it, and that it could impose any sentence up to the maximum sentence of life imprisonment. Further, Hayden agreed that he would not be allowed to withdraw his guilty plea solely based on his dissatisfaction with his sentence.[2]

At his guilty plea hearing, Hayden specifically admitted the underlying facts detailed by the government regarding the sex trafficking of a minor

---

[1]Since the complete factual background of this case is detailed by the parties in their respective filings as well as the transcript from Hayden's guilty plea hearing, (Doc. 55), it shall not be fully repeated herein. (*See also* Doc. 56 at 8-16; Doc. 38, PSR, at 4-5).

[2]At the time of Hayden's guilty plea, his case was assigned to Judge Conaboy. However, Magistrate Judge Mehalchick presided over Hayden's guilty plea after he consented. After Hayden pled guilty, his case was reassigned to the undersigned for sentencing.

3

offenses, including his 2015 involvement in the sex trafficking of two 15-year old female minors and in the attempted sex trafficking of another female minor. Also, when Hayden was arrested in December 2015, he admitted to federal agents his involvement in the sex trafficking of the two minor females and in the attempted sex trafficking of the third minor female. (Doc. 55 at 18-22). Further, during the investigation that lead to Hayden's arrest the undercover agent posing as one of the minor females clearly told Hayden in a text that she was now 16 years old. Nonetheless, Hayden admitted that he had a client who would pay $500 to have sex with the minor female. Significantly, Hayden had ample opportunity during his guilty plea hearing to contest these facts and to raise any issues he had, including whether he was aware of the age of the minor female victims and whether he was somehow duped or enticed into sex trafficking the victims by a federal agent, but he did not do so.

After Hayden's guilty plea, a pre-sentence investigation report ("PSR") was prepared and it was determined that his advisory guideline range was 135-168 months in prison. Neither Hayden nor the government filed any objections to the PSR.

On August 31, 2016, this court sentenced Hayden to 135 months in prison, the low end of the advisory guideline range.

Hayden did not file a direct appeal with the Third Circuit regarding his judgment of conviction.

On August 30, 2017, Hayden filed his instant motion under 28 U.S.C.

4

§2255 seeking to vacate his sentence regarding his sex trafficking conviction. The motion has been briefed by the parties.

The court will first discuss Hayden's §2255 motion. The other pending motions will be then be addressed.

## II.     STANDARD

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* United States v. Bendolph, 409 F.3d 155, 165 n. 15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner

to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D.Pa. June 21, 2010)(citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D.Pa. Jan. 7, 2008)(quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6ᵗʰ Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D.D.C. 2013)(citation omitted). Hayden's instant claims fall within the purview of §2255 since they challenge the validity of his sentence regarding his sex trafficking conviction. Bates, 2008 WL 80048, *3 ("Claims of ineffective assistance of counsel may be brought in the first instance by way of a §2255 motion regardless of whether the movant could have asserted the claim on direct appeal.")(citing Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690 (2003)).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the assistance of counsel for his defense." U.S. Const. amend. VI. The U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," id., 687, and must prove this by

6

"showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In addition, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id., 687-88.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy.

Id., 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, cf. United States v. Valenzuela–Bernal, 458 U.S. 858, 866–867 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id., 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id., 694. Thus, to state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." Ayers, 938 F.Supp.2d at 113 (citing Strickland, 466 U.S. at 700).

With respect to showing prejudice by counsel's performance regarding a guilty plea, in U.S. v. Bui, 795 F.3d 363, 367 (3d Cir. 2015), the Third Circuit stated that "[i]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (citation omitted).

## III. DISCUSSION

The court analyzes Hayden's claims of ineffective assistance of counsel using the two-pronged approach prescribed in Strickland.[3] Hayden must

_____

[3]Despite the fact that Hayden did not raise his instant claims in a direct appeal, he is not procedurally barred from collaterally attacking his sentence under §2255 since ineffective assistance of counsel claims are an exception to the general rule of procedural default. Massaro v. United States, 538 U.S. 500, 504 (2003). In fact, "ineffective assistance of counsel claims are generally not considered on direct appeal." Rather, "they are more commonly brought in a collateral proceeding, such as through a post-conviction 28 U.S.C. §2255 motion to vacate." United States v. Washington, 869 F.3d 193, 202 (3d Cir. 2017) (citation omitted).

overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" <u>Strickland</u>, 466 U.S. at 689. No doubt, the key to a knowing and voluntary guilty plea is the effective assistance of competent counsel. *See* <u>Boyd v. Waymart</u>, 579 F.3d 330, 349 (3d Cir. 2009) (citations omitted). Also, a defendant's Sixth Amendment right to counsel "extends to the plea-bargaining process." <u>Bui</u>, 795 F.3d at 367 (citation omitted).

In his §2255 motion, Hayden requests the court to vacate his 135-month sentence and to allow him to withdraw his guilty plea. Hayden alleges that his trial counsel was ineffective for advising him to accept the plea agreement since he had two defenses to the sex trafficking charges, i.e., an entrapment defense and a defense to the intent element of the charges based on his alleged lack of knowledge of the ages of the victims.

With respect to Hayden's first claim of ineffectiveness of his trial counsel regarding his counsel's advice to accept the plea deal, as the government points out, (Doc. 56 at 17): "The record of the guilty plea colloquy undermines Hayden's claims. First, there was no possible entrapment related to Hayden's conduct with the two 15-year-old victims in May 2015. That sex trafficking activity occurred before law enforcement was aware of it, and Hayden admitted that at his guilty plea."

"Entrapment is a 'relatively limited defense that may defeat a prosecution only when the Government's deception actually implants the criminal design in the mind of the defendant.'" <u>United States v. McLean</u>, 702

Fed.Appx. 81, 85 (3d Cir. Aug. 3, 2017) (citing <u>United States v. Lakhani</u>, 480 F.3d 171, 179 (3d Cir. 2007). "Entrapment occurs when a defendant who was not predisposed to commit the crime does so as a result of the government's inducement." <u>United States v. Dennis</u>, 826 F.3d 683, 690 (3d Cir. 2016) (citations omitted). "'Although ... generally a question for the jury,' an entrapment charge is inappropriate 'unless the defendant has produced sufficient evidence on both prongs of the defense.'" <u>McLean</u>, 702 Fed.Appx. at 85 (citing <u>United States v. Fedroff</u>, 874 F.2d 178, 181 (3d Cir. 1989). To obtain an entrapment instruction, defendant has a "burden of production" regarding the following two elements: "inducement by the government to commit the crime, and the defendant's lack of predisposition to commit the crime." <u>Dennis</u>, 826 F.3d at 690 (citing <u>United States v. Wright</u>, 921 F.2d 42, 44 (3d Cir. 1990)). If defendant meets his burden with respect to both elements, then the burden shift to the government to disprove the entrapment defense. <u>Id</u>. at 693.

As the government contends, Hayden could not meet his stated burden, as to both elements, to utilize an entrapment defense with respect to his charged sex trafficking in May 2015 since the record is clear that there was simply no government involvement with Hayden's conduct during this time.

Next, the court considers the viability of an entrapment defense for Hayden regarding his conduct in December 2015 and the attempted sex trafficking of a minor. The government states that "entrapment [was not] a viable defense to [Hayden's] conduct in December 2015, when he discussed

with the agent (then posing as one of the victims) trafficking her for anal sex for $500, and then arriving at a pre- arranged meeting place in New Jersey for purposes of sex trafficking." (Doc. 56 at 19).

The Third Circuit in <u>McLean</u>, 702 Fed.Appx. at 85, explained:

> Inducement is more than "mere solicitation" to partake in a crime. <u>United States v. Wright</u>, 921 F.2d 42, 45 (3d Cir. 1990). It requires a showing that law enforcement officials engaged in "persuasion, fraudulent representation, threats, coercive tactics, harassment, [or] promises of reward or pleas based on need, sympathy, or friendship." <u>Fedroff</u>, 874 F.2d at 184. "[P]redispositon may be defined as the defendant's inclination to engage in the crime for which he was charged, ... measured before his initial exposure to government agents." <u>Wright</u>, 921 F.2d at 45 (quotation omitted). Although not dispositive, relevant factors include "the character or reputation of the defendant, including any criminal record," whether the idea for the crime originated with the Government, the potential for profiting from the crime, the defendant's reluctance to participate, and the nature of the inducement. <u>Fedroff</u>, 874 F.2d at 183 (quoting <u>United States v. Reynoso–Ulloa</u>, 548 F.2d 1329, 1336 (9th Cir. 1977)).

The government concedes that it was involved in Hayden's conduct in December 2015 leading to his arrest, but states that the record shows:

> Hayden had initiated the communications with the victim in August 2015 (which Hayden admitted to in his guilty plea [Doc. 55 at 18-22]), and the government did not implant the criminal design in the defendant's mind. After all, the defendant had sex trafficked the victim [A.K.] and her friend [T.W.] just a few months before in May 2015, and referenced it in his conversations with the agent (posing as one of the victims).

(Id.).

The law is clear that defense counsel cannot be held ineffective for

11

failing to raise an entrapment defense where a defendant, such as Hayden, was already involved in the criminal conduct before he was approached by a government informer or prior to the government's involvement with the criminal activity. The alleged failure of Hayden's trial counsel to provide advice concerning an entrapment defense could not provide the basis for ineffective assistance of counsel in light of Hayden's criminal conduct detailed by the government during his plea hearing and admitted to by Hayden. *See* U.S. v. Piccolo, 132 F.Supp.2d 326, 330 (E.D.Pa. 2001) (court held that defense counsel could not be ineffective for failing to give defendant advice about the entrapment defense to drug charges since the conspiracy to obtain cocaine was not conceived by the government and since defendant acted on his own initiative to complete the drug deal). The record is clear in the present case that Hayden was not lured by the government into committing the sex trafficking conduct and the government did not improperly induce him into sex trafficking minors. "In order to demonstrate that the government has improperly induced a defendant to participate in a crime, the defendant must show that the government engaged in grave threats, fraud, or promises so extraordinary that they would "blind the ordinary person to his legal duties." *Id*. at 330-31. (citation omitted). As stated, Hayden's admitted sex trafficking of the two minor female victims in May 2015 occurred before any government agent was involved in the criminal activity, and that conduct was sufficient to support the charge against him under §1591(a). Indeed, an entrapment defense in Hayden's case would have clearly been meritless. It is well-settled

that an attorney does not provide ineffective assistance by failing to raise meritless arguments. *See* <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir.1999); <u>Ross v. Dist. Attorney of the Cnty. of Allegheny</u>, 672 F.3d 198, 211 n. 9 (3d Cir. 2012) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.").

Thus, counsel's failure to raise an entrapment defense to the sex trafficking charges against Hayden could not, based on the facts of this case, constitute ineffective assistance of counsel. *See* <u>Piccolo</u>, 132 F.Supp.2d at 330-31.

Finally, Hayden claims that his trial counsel was ineffective for failing to raise the issue of his alleged lack of knowledge regarding the ages of the minor female victims.

"The version of 18 U.S.C. §1591 in effect at the time of [Hayden's] [conduct] makes it a crime for an individual to

> knowingly in or affecting interstate or foreign commerce ... recruit[], entice[ ], harbor[ ], transport[ ], provide[ ], obtain[ ], or maintain[ ] by any means a person ... or benefit[ ], financially or by receiving anything of value, from participation in a venture which has engaged in [the foregoing actions] knowing, or in reckless disregard of the fact ... that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act[.]"

<u>United States v. Delgado</u>, 367 F.Supp.3d 286, 292 (M.D.Pa. 2019) (citing18 U.S.C. §1591(a) (2012)).[4]

---

[4]Section 1591(a) was amended effective December 21, 2018, after Hayden committed his offenses.

Thus, §1591(a) provides two "different methods for imposing criminal liability: establishing beyond a reasonable doubt that the defendant (1) knew the victim was under 18 years of age; [or] (2) recklessly disregarded that fact[.]" Delgado, 367 F.Supp.3d at 292 (citation omitted). The Criminal Complaint filed against Hayden charged that he trafficked a minor for a commercial sex act "knowing or in reckless disregard that the minor had not attained the age of 18." (Doc. 1).

The Criminal Complaint also charged Hayden with attempted sex trafficking of a minor under §1591(b)(2). Since an agent posed as one of the minor victims and assumed her online presence in August 2015, and Hayden "targeted an adult decoy, rather than an actual minor, he was charged with attempt, which focuses 'on the subjective intent of the defendant, not the actual age of the victim.'" U.S. v. Pawlowski, 682 F.3d 205, 211 (3d Cir. 2012) (citing United States v. Tykarsky, 446 F.3d 458, 466–69 (3d Cir. 2006) (holding lack of an actual minor is not a defense to charge of attempted enticement)). "To prove attempt, the government must show the defendant intended to commit a crime and took a substantial step toward doing so." *Id*. (citation omitted). "Accordingly, one of the elements the government must prove [] is that [Hayden] subjectively believed that [the victim] was under the age of 18." *Id*.

With respect to the two 15-year old female victims identified as A.K. and T.W. who became involved with Hayden in May 2015, the record demonstrates that Hayden knew the victims were under 18 years of age or

14

recklessly disregarded that fact. *See* §1591(a). In fact, Hayden along with another person known as "Wes" took photographs of A.K. and T.W. in bras and panties while they kissed on a bed and then posted the pictures on internet sites "backpage.com" and "Instagram" advertising the girls for sex in exchange for money. Hayden and Wes then provided hotel rooms for the two minors and they drove the minors to the residences of over 10 customers to perform sex acts for money.

Additionally, Hayden, at the time of his arrest in December 2015 and at his guilty plea colloquy, admitted that in May 2015 he knew that the victims were 15-years-old. Also, in August 2015 through December 2015, after an agent assumed the online Facebook presence of one of the 15 year old female victims (A.K.), the Instagram and text communications between Hayden and the agent (posing as A.K.) show that Hayden was well aware of the age of that victim. *See* Pawlowski, 682 F.3d at 211 (Third Circuit found no merit to defendant's contention that there was insufficient evidence to show that he knew victim was a minor since the government had ample evidence "from which a reasonable jury could find beyond a reasonable doubt that [defendant] subjectively believed he was communicating with a 15–year–old [despite the fact that it was an adult decoy]."). Therefore, even if Hayden's trial counsel interviewed "A.K.", who Hayden alleges would have supported T.W.'s alleged statement that they lied to him about their ages, (Doc. 61 at 2), the outcome of his case would not have changed since the texts between the agent (posing as A.K.) and Hayden showed that he knew she was a minor.

15

Thus, Hayden's defense counsel was not ineffective for failing to advice him about a defense regarding the lack of knowledge of the victims' ages since the government's evidence showed that he had the required "knowing" or "in reckless disregard" *mens rea* with respect to the victims' ages. *See* Real v. Shannon, 600 F.3d 302, 310 (3d Cir. 2010) (Third Circuit held that trial counsel was not ineffective for failing to raise a meritless objection); Washington, 869 F.3d at 204 ("[B]oth deficiency and prejudice must be proven to have a valid [ineffective assistance of counsel] claim for relief.") (citation omitted); Strickland, 466 U.S. at 694 (to establish the prejudice prong the defendant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different").

In his *pro se* traverse, (Doc. 61), Hayden also claims that his guilty plea was not knowingly made since his trial counsel did not explain to him that by pleading guilty he would have to register as a sex offender. However, Hayden's plea agreement, which he executed well before he pled guilty, (i.e., December 10, 2015 plea agreement and March 25, 2016 plea hearing), clearly advised him that the court, as a condition of supervised release, "must order [him] to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act [Megan's Law/Adam Walsh Act]." The plea agreement also plainly advised Hayden "that pursuant to Section 4248 of Title 18 of the United States Code, [he] faces potential civil commitment as a sexually dangerous person following the expiration of [his] term of imprisonment", and that "potential civil commitment would be the

subject of a separate proceeding. Despite this notice, Hayden "affirm[ed] that [he] wants to plead guilty regardless of any potential civil commitment consequences that [his] plea may entail, even if the consequence is indefinite civil commitment following the expiration of [his] term of imprisonment." (Doc. 11 at 23-24). Hayden was also advised of the foregoing at his guilty plea hearing by the court. (Doc. 55 at 10-11).

There is also no merit to Hayden's claim in his traverse that his trial counsel advised him that if he pled guilty he would receive a sentence of "between 36 to 60 months imprisonment" since his plea agreement clearly stated: "The defendant understands that the charge to which he is pleading guilty carries a mandatory minimum sentence of 10 years in prison." (Doc. 11 at 3). Moreover, at his guilty plea hearing, the government stated that the sex trafficking of a minor charge to which Hayden was pleading guilty "carries a mandatory minimum sentence of 10 years in prison, [and] a potential maximum sentence of life in prison." (Doc. 55 at 5). The mandatory minimum sentence of 10 years Hayden faced was repeated at his plea hearing when the terms of his plea agreement were detailed. (Id. at 8). Hayden also acknowledged that no other promises other than those contained in his plea agreement were made to him and that the court was not bound by the plea agreement with respect to the length of his sentence. (Id. at 13). Thus, prior to pleading guilty, Hayden was well aware that the mandatory minium sentence he faced was 10 years.

Insofar as Hayden also requests to withdraw his guilty plea, one of the

elements which the court considers, and which the defendant has the burden to show, is "whether the defendant asserts his innocence." United States v. Joseph, 786 Fed.Appx. 370, 373 (3d Cir. 2019) (citation omitted). In this case, Hayden fails to reconcile any of his stated admissions he made at his guilty plea hearing with any claim of innocence. *See id.* Hayden's contention in his present filings regarding his §2255 motion that he did not know the age of the minor female victims, giving him a defense to the charges, does not change the fact that during his guilty plea hearing he admitted that he knew the victims were 15 and later 16 years old. In fact, Hayden admitted that the agent who later posed as A.K. specifically sent him a text indicating that she was now 16 years old, not 15 as she was in the past, i.e., during her prior involvement with him. Further, Hayden fails to adequately explain why he admitted, under oath, to the sex trafficking a minor charge during his guilty plea hearing. Indeed, a guilty plea is final after a sentence is imposed. *See* United States v. Feliz, 2019 WL 6496932, *15 (D.N.J. Dec. 3, 2019) ("A plea of guilty is a fully-warned, in-court statement under oath, not a strategic stopgap." "A defendant who wishes to withdraw a plea of guilty must 'give sufficient reasons to explain why contradictory positions were taken before the district court.'") (citations omitted). The guilty plea hearing transcript readily shows that Hayden acknowledged that he understood the charges and that he admitted to the facts supporting the charges, which violated §§1591(a) and (b)(2). *See* United States v. Graulich, 524 Fed.Appx. 802, 806 (3d Cir. 2013) ("Rather than attempting to explain why contradictory positions were taken in

the District Court, [defendant] claims innocence by arguing that he never had the intent to defraud. This argument is belied by [defendant's] plea colloquy, which shows that he admitted to having the requisite intent."); Feliz, 2019 WL 6496932, *21 (citing United States v. Mejia, 222 F. App'x 136, 139–40 (3d Cir. 2007) ("affirming denial of [guilty plea] withdrawal motion where, although defendant asserted innocence, his present assertions were 'inconsisten[t]' and 'lack[ing] credibility' because he failed to sufficiently explain why he 'thoroughly admitted his guilt and did not contest the Government's characterization of the facts' during plea")).

Accordingly, the court finds no merit to Hayden's §2255 motion.


## IV.    EVIDENTIARY HEARING

Hayden specifically requests an evidentiary hearing in his §2255 motion. The government also raises this issue in its brief and contends that no hearing is required. Thus, the court will address whether an evidentiary hearing is appropriate in this case.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). *See* United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992) (The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the

case show conclusively that the movant is not entitled to relief.")(citation omitted). In considering a §2255 motion, the "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" Johnson v. U.S., 294 Fed.Appx. 709, 710 (3d Cir. 2008) (citation omitted). However, the court need not accept the petitioner's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record.") Patton v. United States, 2010 WL 3191887, *1 (W.D. Pa. 2010) (citing United States v. Estrada, 849 F.2d 1304,1307 (10th Cir. 1988)); *see also* Melter v. United States, 2016 WL 7163591, *3 (M.D.Pa. Dec. 7, 2016) ("The district court, however, without further investigation may dispose of 'vague and conclusory allegations contained in a § 2255 petition.'") (citation omitted). A review of the motion, the traverse, the government's brief and the guilty plea transcript, as well as the law and the claims make it clear that Hayden's allegations of ineffective assistance of trial counsel are wholly unsupported by the record. The court finds that Hayden is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

## V. MOTION TO STAY CASE FOR DISCOVERY AND MOTION TO QUASH SUBPOENA

Hayden's counsel filed a motion to stay this case until the government

provides him with discovery. (Doc. 57). Attached to the motion is a subpoena from Hayden to the government compelling it to produce "all discovery from the government's file in this case, including witness interviews, social media printouts, and any other investigative materials that wither support or rebut the factual averments in the government's response to Hayden[']s 2255 petition." (Doc. 57, Ex. B).

In response to Hayden's motion, the government filed a motion to quash the subpoena and a response to his motion to stay the case. (Doc. 59). Hayden's counsel then filed a response to the government's motion to quash and a reply in support of his motion to stay the case. (Doc. 60).

Fed. R. Civ. P. 45 authorizes parties to serve subpoenas on parties or non-parties commanding the production of books, documents, electronically stored information, or tangible items. Fed.R.Civ.P. 45(d)(3) mandates that a court quash or modify a subpoena, "upon timely motion," for 1) failing to provide a reasonable time to comply; 2) requiring a person to comply beyond the geographical limits as stated in the Rules; 3) requiring "disclosure of privileged or other protected matter"; or 4) subjecting a person to an "undue burden."

Initially, it is clear that Hayden's subpoena to the government for discovery regarding his §2255 motion should be quashed since it was not properly brought under §2255 and a subpoena is not the means to obtain discovery with respect to such a proceeding. Rather, Hayden should have filed a motion for discovery.

21

"[A] habeas petitioner, unlike the civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." United States v. Rashid, 2017 WL 2875378, *7 (E.D.Pa. June 20, 2017) (citations omitted). "Instead, a petitioner may seek discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings only upon a showing of 'good cause.'" *Id*. (citation omitted).

As the court in Townsend v. United States, 2018 WL 4828556, *5 n. 1 (W.D. Pa. Oct. 4, 2018), noted:

> Rule 6(a) governing proceedings under Section 2255, provides that a "judge may, for good cause, authorize ... discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." A petitioner seeking discovery under §2255 must show good cause "by setting forth specific allegations which, if fully developed, would entitle him or her to the writ." Lee v. Glunt, 667 F.3d 397, 404 (3d Cir. 2012); *see also* Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); Harris v. Nelson, 394 U.S. 286, 300 (1969). While the allegations must be specific, they need not be "supported by solid evidence." Bracy, 520 U.S. at 908. Upon a showing of good cause a petitioner is entitled to discovery, but the court maintains discretion as to the scope. Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011).

The above standards "limit[] discovery to those cases where a defendant has made a preliminary showing that requested discovery will tend to support his entitlement to relief." Rashid, 2017 WL 2875378, *7 (citation omitted).

In its motion to quash Hayden's subpoena, (Doc. 59), the government recognizes that Hayden should have filed a motion for discovery under Rule 6(a) and not a subpoena. The government then responds to Hayden's

22

subpoena request for information, as if it was a motion for discovery, and states that the factual averments it made in its response to Hayden's §2255 motion were based on his guilty plea colloquy. (Doc. 55). Also, the court notes that the factual averments made by the government in its response are supported by the PSR which was provided to Hayden's trial counsel. (Doc. 38).

In particular, at his guilty plea hearing, Hayden was placed under oath and asked by the court if he fully admitted the underlying facts in support of the sex trafficking of a minor charge to which he was pleading guilty and he replied "Yes". He also admitted that after he was arrested on December 3, 2015, and read his Miranda rights, he "voluntarily waived those rights and admitted his involvement in the sex trafficking of both minor victims in this case back in May of 2015 and the [] attempted sex trafficking of one victim in December of 2015." (Doc. 55 at 21-22). Hayden also admitted that after he picked up the two victims [A.K. and T.W.] in Wilkes-Barre, Pennsylvania, with another male, they took the victims to Brooklyn, New York, and advertised them on various websites for prostitution. Hayden further admitted that "both girls subsequently had sex with over 10 men in exchange for money." (Id. at 18). There was no involvement by any government agent at the time when Hayden took the victims from Wilkes-Barre to Brooklyn for purposes of having both victims engage in sex in exchange for money.

Additionally, in August 2015, after an agent assumed one of the 15-year old female's presence on Facebook (i.e., A.K.) and contacted Hayden,

Hayden admitted that he had a client who would pay $500 to have sex with the victim. The agent, still posing as one of the victims, stated on a text to Hayden that she (i.e., A.K.) was now 16, and was previously 15 in the past. (Id. at 20).

As such, the government states that its factual claims in its response to Hayden's §2255 motion "are fully supported by the guilty plea colloquy wherein Hayden admitted that he knew the victim[s'] age[s] when he sex-trafficked [them], and further admitted that he took [them] from Pennsylvania to New York for purposes of sex trafficking prior to any government involvement in the investigation. Those admissions under oath at the guilty plea colloquy undermine any subsequent claims that Hayden did not know the victim[s] w[ere] [] minor[s] and did not sex-traffic the victim[s] prior to any government involvement in the case." (Doc. 59 at 7).

Moreover, the government argues that in his motion to stay the proceedings, Hayden has made "no showing that the materials requested [] would be relevant to the issue of whether his guilty plea was knowing and voluntary, or if relevant, would be of any value to the court in ruling on Hayden's claims given the admissions in the guilty plea colloquy." Thus, it contends that Hayden's request for discovery is "nothing more than a fishing expedition." (Id.). No doubt that "[i]t is well established that Rule 6(a) does not permit deep-sea fishing expeditions." Rashid, 2017 WL 2875378, *7 (citing United States v. Noyes, 589 Fed.Appx. 51, 53 (3d Cir. 2015) (affirming district court's decision to deny petitioner's motion for discovery because it appeared

24

that petitioner "sought to go on a fishing expedition for evidence, which does not constitute good cause for granting a discovery request").

In his counseled response to the government's motion to quash, Hayden recognizes that he failed to follow the proper procedure in a §2255 proceeding and he requests the court to construe his subpoena as a motion for discovery under Rule 6(a).

As such, the court will grant the government's motion to quash Hayden's subpoena, but it will consider his subpoena as a Rule 6(a) motion for discovery.

In his response to the government's motion to quash, now construed as his motion for discovery under Rule 6(a), (Doc. 60 at 2), Hayden's counsel states:

> Petitioner seeks discovery in the instant matter to test the factual averments cited by the Government in its response to Petitioner's §2255 Motion. Apparently, prior [trial] counsel never received discovery in this case yet still decided to advise Hayden to plead guilty. Petitioner seeks any and all documents that would have been contained in the discovery turned over to his prior counsel. The materials requested would contain relevant evidence that would allow Petitioner to rebut the factual averments made in the Government's §2255 Response, as Petitioner would be able to prove or disprove that prior counsel knew of the availability of the defenses set forth in Petitioner's §2255 claim. *See* Rule 6(b) of the Rules Governing §2255.

Attached to his Doc. 60 response, Hayden has submitted a statement dated July 7, 2017, allegedly from one of the victims in this case, namely, A.K., given to a private detective working for Hayden. (Doc. 60 at 7-8) (*See also* Doc. 61, Att., Hayden's *pro se* traverse). In her statement, not made

under penalty of perjury or sworn before a notary public, A.K. purportedly stated that she and T.W. first met Hayden in 2015 when she was 15 years old and that T.W. told Hayden they were 18 years old. She also states that when Hayden later found out how old they were he got very mad and put them on a bus for home.

Hayden states that he was "unaware of the availability of a lack of knowledge and intent defense at trial, as prior counsel never advised [him] of such", and that "[he] would not have agreed to plead if he knew about the availability of such a defense." He then states that "evidence exists in the original discovery in this matter which would support his claim that prior counsel knew about the availability of these defenses." (Doc. 60 at 3).

As mentioned, in his §2255 motion, Hayden claims that his trial counsel was ineffective for advising him to accept a plea deal because he had valid defenses of entrapment and lack of knowledge regarding the victims' ages. He seeks to be allowed to withdraw his guilty plea and requests the court to vacate his sentence.

The court finds Hayden has failed to show good cause for his discovery request and finds that the record is sufficient to decide the merits of Hayden's §2255 motion without further discovery, particularly since as detailed above, Hayden's guilty plea colloquy and the facts to which he admitted under oath, demonstrate that neither defense was viable in his case.

The alleged statement of A.K. has no bearing on any entrapment defense that Hayden claims he had to the sex trafficking charges. As

discussed above, the court has found that Hayden's trial counsel could not have been ineffective for failing to advise Hayden about an entrapment defense to the charges since the evidence of record simply did not support such a defense. Thus, there is no good cause to allow Hayden any discovery with respect to this claim in his §2255 motion.

Additionally, to the extent that A.K. allegedly provided an unsubstantiated hearsay statement that T.W. told Hayden they were 18 and that when he later found out they were minors he sent them home, Hayden unequivocally admitted under oath during his guilty plea colloquy that he knew the girls he was sex trafficking were minors. Also, by the time A.K.'s mother, through A.K.'s Instagram account, found Hayden's Instagram posting an advertisement soliciting A.K. and T.W. to have sex in exchange for money, with the picture of the girls in their bras and panties kissing on a bed, Hayden had already taken both girls to the residences of over 10 men to have sex with them for money. At his guilty plea haring, Hayden admitted that the Instagram account and the email address listed in the advertisement were his. Even more telling as to Hayden's knowledge of the girls' ages, after an agent assumed A.K.'s online presence on Facebook in November 2015, and arranged with Hayden to pick up A.K. in Wilkes-Barre and take her to New York to have sex with a client for $500, the agent specifically told Hayden that she (A.K.) was 16 years old.

No further discovery is needed since the above facts are all contained in the transcript from Hayden's guilty plea hearing.

Therefore, there is no merit to Hayden's claim in his §2255 motion that his counsel was ineffective for not advising him about a defense that he lacked knowledge the victims were minors since the government had ample evidence, as detailed at the guilty plea colloquy, "from which a reasonable jury could find beyond a reasonable doubt that [Hayden] subjectively believed he was communicating with a 15–year–old." <u>Pawlowski</u>, 682 F.3d at 211. The court also finds Hayden's attempt to blame the 15-year old female victims to try and convince him, allegedly "at the government's behest", to let them engage in prostitution to be of no avail since the facts of record as stated (and admitted) at the guilty plea hearing demonstrated that before any federal agent became involved with this case Hayden had already taken A.K. and T.W. to over 10 men to have sex for money.

In short, discovery is not warranted to fish for evidence that would rebut the admissions Hayden made, under oath, at his guilty plea hearing which belie both of the defenses he now claims his counsel was ineffective for failing to advise him about. Nor is there anything to suggest that trial counsel's pursuit of the defenses would have resulted in dismissal of the sex trafficking of a minor charges or altered the outcome of Hayden's case. The court also finds that there are no factual disputes that require further development of the record.

In his traverse, Hayden also claims that his counsel was ineffective for failing to investigate his contention that after his arrest A.K. and T.W. continued to engage in criminal conduct and had "lied to others who were also

facing similar charges to [his]." Hayden's counsel was not ineffective for failing to conduct the stated investigation since the alleged conduct of the two minor victims after Hayden's arrest was not relevant to the underlying facts which supported the sex trafficking of a minor charge Hayden admitted he committed.

Thus, the court finds the material provided by Hayden and by the government in this case is more than sufficient to present a developed record to decide the §2255 motion. The court finds that there is no need to permit additional fact discovery in this case as Hayden seeks since it would not substantively effect his §2255 motion and since his motion is without merit. Hayden has not shown sufficient good cause and therefore the court will deny his motion for discovery. Based on the same reasoning, Hayden's motion for a stay of the case will also be denied.

## VI.     MOTION TO REMOVE COUNSEL AND FOR AN EXTENSION OF TIME TO AMEND SECTION 2255 MOTION

Based on the above discussion, there is no reason to remove Attorney Mosser from this case since he has provided appropriate representation to Hayden with respect to the §2255 motion. Also, since Hayden has already filed his own *pro se* traverse to the government's brief in opposition, (Doc. 61), Hayden's request for an extension of time to file an addendum to his §2255

motion and to file a second reply to the government's brief will be denied.[5]

## VII.   CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Hayden has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## VIII.   CONCLUSION

Based on the foregoing, the court finds Hayden fails to show his trial counsel was ineffective or deficient in any way. Therefore, the court will **DENY** Hayden's §2255 motion. (Doc. 49). The court will **GRANT** the government's motion to quash Hayden's subpoena, (Doc. 58), but it will consider his

---

[5]The court also notes that it has considered Hayden's additional ineffective assistance of trial counsel claims he raised in his traverse and finds no merit to them as discussed above. Thus, there is no need for Hayden to file an addendum to his §2255.

subpoena, (Doc. 57, Ex. B), as a Rule 6(a) motion for discovery. The court will **DENY** Hayden's motion for discovery and will **DENY** Hayden's motion to stay the case for discovery, (Doc. 57). Finally, the court will **DENY** Hayden's motion to remove his counsel, Attorney Mosser, and request to proceed *pro se*, and for a 60-day extension of time to file an addendum to his §2255 motion and to file a (second) reply to the government's response to his §2255 motion. (Doc. 62). An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 18, 2020**

15-294-01.wpd